O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-03132 AHM (FMOx) | | Date | June 23, 2008 |
|---|---|---|---|---|
| Title | O'LEARY v. FLAMINGO LAS VEGAS HOTEL, *et al.* | | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

## I.     INTRODUCTION

On March 7, 2008, Plaintiff Erica Tannen O'Leary filed this action in Los Angeles Superior Court.  On May 13, 2008, Defendant Flamingo Las Vegas Hotel, removed this action to this Court. Defendant alleges this action could originally have been brought in federal court based on diversity jurisdiction, and that this Court has removal jurisdiction pursuant to 28 U.S.C. § 1441(b).  On May 22, 2008, Defendant filed a Motion to Dismiss for failure to state a claim, lack of personal jurisdiction, and improper venue.  On June 10, 2008, Plaintiff's attorney filed a Declaration in Opposition to the Defendant's Motion to Dismiss in which he stated that Plaintiff's claims do not exceed $75,000, and asked the court to remand the matter to the Superior Court of Los Angeles.

Plaintiff brings claims against Defendant in negligence and premises liability. Compl. ¶¶ 4, 6, 8.  Plaintiff alleges that on December 24, 2007 she was seated in a chair at the Flamingo Las Vegas Hotel and that a dangerous condition caused the chair to fall. *Id.* ¶ 14.  Plaintiff claims that the dangerous condition was known or should have been known to Defendants in time for a reasonable person to have warned persons of the condition. *Id.* ¶ 16.  Plaintiff asserts that as a direct result of her fall she sustained, and in the future is certain to sustain, disabling, serious and permanent injuries, pain, suffering and mental anguish in connection with her injuries.  *Id.* ¶ 17.

Plaintiff alleges she has suffered damages in the form of past and future medical expenses, lost past and future earnings and earning capacity. *Id.* ¶ 18-19.  Plaintiff pleads no exact damages, but states when the amounts are ascertained she will ask leave of the court to amend the complaint. *Id.* ¶¶ 18, 19.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-03132 AHM (FMOx) | Date | June 23, 2008 |
|---|---|---|---|
| Title | O'LEARY v. FLAMINGO LAS VEGAS HOTEL, *et al.* | | |

Plaintiff's attorney filed a Declaration on June 10, 2008, in which he states, under penalty of perjury, that Plaintiff's claims do not exceed $75,000. Declaration of Eric Bryan Seuthe ¶¶ 12-13. The Court construes this as an assurance that at trial Plaintiff will not attempt to recover more than $75,000.

## II.     LEGAL STANDARD FOR REMOVAL JURISDICTION

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). The removal statute is "strictly construe[d] . . . against removal jurisdiction," and the removing party "always has the burden of establishing that removal was proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

As a threshold inquiry, an action may be removed only if the federal court could have exercised original jurisdiction — that is, the action could have been filed in federal court. *See Duncan v. Stuetzle,* 76 F.3d 1480, 1485 (9th Cir. 1996). A federal court has original jurisdiction over a civil matter "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

Where the complaint on its face does not allege damages in excess of $75,000, it is a defendant's burden to show that the claim meets the jurisdictional minimum. *Gaus,* 980 F.2d at 567. This burden is not met by mere conclusory allegations; the defendant must prove existence of the jurisdictional amount by a preponderance of the evidence. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). To meet that burden, the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds that amount. *Id.*

## III.    ANALYSIS

Plaintiff's Complaint alleges no specific amount in controversy and she claims only unspecified damages for medical expenses and lost earnings. In response to Plaintiff's counsel's declaration attesting that the amount in controversy was less than $75,000, Defendant contends that Plaintiff is attempting to lower the amount in order to

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-03132 AHM (FMOx) | Date | June 23, 2008 |
|---|---|---|---|
| Title | O'LEARY v. FLAMINGO LAS VEGAS HOTEL, *et al.* | | |

defeat jurisdiction. It is true that post-removal stipulations limiting the amount in controversy may not defeat removal jurisdiction where plaintiff's claim expressly stated an amount in excess of the jurisdictional amount and removal jurisdiction was already attached. *See Halsne v. Liberty Mut. Group*, 40 F.Supp.2d 1087, 1090 (N.D. Iowa 1999) (*citing St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 429 (7th Cir. 1997)). But this principle does not bar consideration of Plaintiff's counsel's declaration, because Plaintiff is not attempting to lower the damages she previously pled.

Defendant's Notice of Removal states that it is "facially apparent" that Plaintiff's claims will exceed $75,000, because Plaintiff's prayer for relief includes general damages, special damages for x-rays and other medical expenses, loss of past earnings and future earning capacity, and the costs of bringing the lawsuit. However, Defendant points to no factual allegations in the Complaint from which the Court can infer that such relief is more likely than not to exceed $75,000. Plaintiff's Complaint does not allege injuries, medical procedures, or her past earnings with sufficient specificity to permit any inference regarding the amount in controversy. Absent other information, under *Gaus*, Defendant's assertion is inadequate to support jurisdiction. *Gaus*, 980 F.2d at 566.

Defendant argues in its Reply that since Plaintiff has filed no motion to remand, and thirty days have passed since the removal, Plaintiff has waived her rights. *See* 28 U.S.C. § 1447(c). However, the thirty-day rule does not apply to jurisdictional defects such as lack of diversity and lack of sufficient amount in controversy. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 62 (1996).

**IV.   CONCLUSION**

Given the lack of specificity in the Complaint and Plaintiff's counsel's declaration, Defendant cannot meet its burden. Therefore, this Court does not have jurisdiction over the matter and the matter is REMANDED to Los Angeles Superior Court.

:

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-03132 AHM (FMOx) | Date | June 23, 2008 |
|---|---|---|---|
| Title | O'LEARY v. FLAMINGO LAS VEGAS HOTEL, *et al.* | | |

| | Initials of Preparer | SMO |
|---|---|---|

**Make JS-6**